**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTOFER DUMELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13 CV 1575 |
| | ) | |
| The VILLAGE OF HANOVER PARK, | ) | Judge |
| Illinois, a municipal corporation, and | ) | |
| Hanover Park Police Officers SANTOS DIAZ | ) | Magistrate Judge |
| (#144), Cook County State's Attorney ANITA | ) | |
| ALVAREZ, and Illinois Attorney General | ) | |
| LISA MADIGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, KRISTOFER DUMELLE, by and through his attorney, Torreya L. Hamilton of

The Hamilton Law Office, LLC, makes the following complaint against Defendants VILLAGE OF

HANOVER PARK ("Defendant VILLAGE"), Hanover Park Police Officer SANTOS DIAZ,

Cook County State's Attorney ANITA ALVAREZ, and Illinois Attorney General LISA

MADIGAN:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law

   of Plaintiff's rights as secured by the United States Constitution and under Illinois common law.

2. This action also challenges the constitutionality of the Illinois Eavesdropping Act, 720 ILCS

   5/14 ("the Act"), as applied to the audio recording of police officers, without the consent of the

   officers, when (a) the officers are performing their public duties, (b) the officers are in public

   places, (c) the officers are speaking at a volume audible to the unassisted human ear, and (d) the

   manner of recording is otherwise lawful. This application of the Act violates the First

Amendment to the U.S. Constitution. Plaintiff seeks declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 *et seq.*

3.  This court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

4.  Venue is proper under 28 U.S.C. §§ 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

5.  Plaintiff is a twenty-two-year old resident of Hanover Park, Illinois.

6.  Defendant Officer DIAZ, at all relevant times, is or was a Hanover Park police officer, employed by Defendant VILLAGE, acting within the scope of their employment, and under color of law.

7.  Defendant VILLAGE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times, is or was the employer and principal of Defendant Officers.

8.  Defendant Cook County State's Attorney ANITA ALVAREZ is the duly elected prosecutor in Cook County, Illinois, responsible for the oversight of all criminal prosecutions, and empowered to prosecute and thereby enforce all laws in Cook County, Illinois, including the Eavesdropping Act. Defendant ALVAREZ is sued solely in her official capacity for purposes of declaratory and/or injunctive relief.

9.  Defendant Attorney General LISA MADIGAN is a duly elected public official of the State of Illinois, and the chief legal officer for the State of Illinois. Defendant MADIGAN is sued solely in her official capacity for purposes of declaratory and injunctive relief.

## FACTS

### The Illinois Eavesdropping Act

10. The current version of the Illinois Eavesdropping Act criminalizes the use of a machine to record certain conversations – even if those conversations are not private. Specifically:

2

(a) The Act provides that "[a] person commits eavesdropping when he…[k]nowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation…unless he does so…with the consent of all the parties to such conversation…" 720 ILCS 5/14-2(a)(1)(A).

(b) The Act defines "conversation" to mean "any oral communication between 2 or more persons *regardless of whether one or more of the parties intended their communication to be of a private nature under circumstances justifying that expectation*." 720 ILCS 5/14-1(d) (emphasis added).

(c) The Act defines "eavesdropping device" to include "any device capable of being used to hear or record oral conversation…." 720 ILCS 5/14-1(a).

(d) The Act provides that a first offense of eavesdropping is a Class 4 felony, 720 ILCS 5/14-4(a), which is punishable by a sentence of imprisonment of one to three years. 730 ILCS 5/5-4.5.

11. The Illinois Eavesdropping Act did not originally criminalize public conversations, only private ones. The legislative purpose of the subsequent extension of the Act was specifically intended to criminalize civilian audio recordings of police officers performing their public duties in public places.

(a) In 1986, in *People v. Beardsley*, 115 Ill. 2d 47 (1986), the Illinois Supreme Court held that an element of the criminal offense created by the then-existing version of the Act was "circumstances which entitle [the parties to a conversation] to believe that the conversation is *private* and cannot be heard by others who are acting in a lawful manner." *Beardsley*, 115 Ill. 2d at 53 (emphasis added). The *Beardsley* case involved a motorist who audio recorded a police officer during a traffic stop. *Id.* at 48-9. The Court held that this motorist did not violate the Act, because the conversation was not private.

3

(b) Eight years later, in 1994, Illinois amended the Act with Public Act 88-677, also known as House Bill 356. This new law adopted the current definition of "conversation," to wit: "any oral communication between 2 or more persons regardless of whether one or more of the parties intended their communication to be of a private nature under circumstances justifying that expectation."

(c) On May 19, 1994, during Senate floor debates regarding this bill, the Senate sponsor stated that the bill had earlier passed out of that chamber "to reverse the *Beardsley* eavesdropping case."

12. The current Illinois Eavesdropping Act is a national outlier. The federal ban on audio recording certain conversations, and the vast majority of similar state statutes, apply only to *private* conversations – as the Illinois Eavesdropping Act did before it was amended in 1994 to reverse the Illinois Supreme Court's *Beardsley* decision. Only a handful of states have extended their eavesdropping statutes to non-private conversations, and most of those states, unlike Illinois, do not extend their prohibitions to open and obvious recording, as opposed to secret recording.

13. The Illinois Eavesdropping Act allows police to record citizens, but not the reverse. The Act exempts certain audio recordings *by* law enforcement officials of conversations between law enforcement officials and members of the general public. Examples include:

(a) Conversations recorded "simultaneously with the use of an in-car video camera" during "traffic stops, pedestrian stops," and similar events. 720 ILCS 5/14-3(h).

(b) Conversations with a civilian who is "an occupant of a police vehicle." 720 ILCS 5/14-3(h-5).

(c) Conversations recorded "during the use of a taser or similar weapon or device" if the device is equipped with audio recording technology. 720 ILCS 5/14-3(h-10).

14. The purported legislative purpose of these statutory exemptions is to deter and detect police

misconduct, and also to rebut false accusations of police misconduct. Specifically:

(a) In 2009, Illinois amended the Act with Public Act 96-670, also known as House Bill 1057.

This new law amended the foregoing exemption regarding police in-car video cameras to its

current form, and created the foregoing exemptions (h-5) and (h-10).

(b) On April 2, 2009, during House debate regarding this bill, the House sponsor stated the

following about the Bill's legislative purpose:

When there's audio, then there is no question as to what was said or what wasn't said
and if someone is accused of doing something or saying something, this is the proof that
they would have as a citizen. Also, not only for protection of law enforcement, but for
the citizens to have the proof in hand as to what actually happened at that particular
[moment].

15. Police officers performing their public duties in public places, and speaking at a volume audible

to the unassisted human ear, have no reasonable expectation of privacy that the words they

speak will not be heard by unintended parties, or recorded, published, and disseminated.

16. Nonetheless, like Plaintiff, citizens all across the state of Illinois have been, and continue to be,

arrested and prosecuted pursuant to the Illinois Eavesdropping Act for audio recording police

officers:

a. *People v. Drew*, No. 10CR4601 (Cook County).
b. *People v. Moore*, No. 10CR15709 (Cook County).
c. *People v. Thompson*, No. 04CF1609 (6th Cir. Champaign County).
d. *People v. Wight*, No. 05CF2454 (17th Cir., Winnebago County).
e. *People v. Babarskas*, No. 06CF537 (12th Cir., Will County).
f. *People v. Lee*, No. 08CF1791 (12th Cir., Will County).
g. *People v. Allison*, No. 09CF50 (2d Cir., Crawford County).
h. *People v. Biddle*, No. 10CF421 (16th Cir., Kane County).
i. *People v. Fitzpatrick*, No. 10CF397 (5th Cir., Vermillion County).
j. *People v. Parteet*, No. 10CF49 (16th Cir., DeKalb County).
k. *People v. Gordon*, No. 10CF341 (11th Cir., Livingston County).
l. *People v. Bendis*, No. 13CM345 (18th Cir., DuPage County).

**ACLU Files Suit Alleging Illinois' Eavesdropping Act Is Unconstitutional**

17. On August 19, 2010, the American Civil Liberties Union of Illinois filed suit against Defendant

ALVAREZ, seeking a federal declaration that Illinois' Eavesdropping statute is unconstitutional as applied to the audio recording of on-duty police officers.

18. For almost two years, Defendant ALVAREZ vehemently defended the constitutionality of Illinois' Eavesdropping statute as it applied to the audio recording of on-duty police officers.

**Illinois Has Failed to Fix Its Own Eavesdropping Statute**

19. On September 15, 2011 in the case of *People v. Allison*, No. 09CF50, Illinois Second Judicial Circuit Court Judge David K. Franklin declared the Illinois Eavesdropping statute unconstitutional.

20. On October 14, 2011, Defendant MADIGAN filed a notice of appeal to the Illinois Supreme Court from Judge Franklin's September 15, 2011 order in *People v. Allison*, and a briefing schedule was set.

21. On December 29, 2011, Illinois State Representative Elaine Nekritz introduced House Bill 3944, which sought to amend the Illinois Eavesdropping Act to decriminalize the recording of a peace officer performing a public duty in a public place and speaking at a volume audible to the unassisted human ear.

22. On March 2, 2012, in the case of *People v. Drew*, No. 10CR4601, Circuit Court of Cook County Judge Stanley Sacks also declared the Illinois Eavesdropping statute unconstitutional as applied to the audio recording of on-duty police officers.

23. On March 14, 2012, Defendant ALVAREZ filed a notice appealing Judge Sacks' ruling in the *Drew* case to the Illinois Supreme Court. Defendant ALVAREZ subsequently voluntarily dismissed this appeal before the Court could decide the constitutionality of the Illinois' Eavesdropping statute (due to the death of Christopher Drew).

24. On March 20, 2012, Defendant MADIGAN voluntarily withdrew her appeal in *People v. Allison* before the Illinois Supreme Court could decide the constitutionality of the Illinois Eavesdropping Statute.

25. On March 21, 2012, the Illinois House of Representatives struck down House Bill 3944, voting 45 in favor, 59 against. Since then, the House has not attempted to amend the Illinois Eavesdropping Act to decriminalize the audio recording of on-duty police officers.

### *ACLU v. Alvarez* Is Decided

26. On May 8, 2012, the Seventh Circuit ordered the District Court judge to enter a preliminary injunction against Defendant ALVAREZ and the Cook County prosecutor's office prohibiting the prosecution of ACLU volunteers for audio recording police officers performing their duties in public. *ACLU v. Alvarez*, 679 F.3d 583 (7th Cir. 2012). The Seventh Circuit also held that Illinois' Eavesdropping statute is "likely unconstitutional" as applied to the audio recording of police officers performing their public duties in a public place. *Id.* at 608.

27. On September 12, 2012 Defendant ALVAREZ petitioned the United State's Supreme Court for review of the Seventh Circuit's decision in *ACLU v. Alvarez*.

28. On November 26, 2012, the Supreme Court denied Defendant ALVAREZ's petition for certiorari without comment. *Alvarez v. ACLU*, No. 12-318, 2012 WL 4050487 (U.S. Nov. 26, 2012).

29. On December 18, 2012, the District Court Judge Sharon Johnson Coleman granted the ACLU's requested injunction against the Cook County prosecutor's office prohibiting the prosecution of ACLU volunteers for audio recording police officers performing their duties in public. Judge Coleman entered judgment in favor of the ACLU on January 14, 2013.

**Plaintiff DuMelle's Arrest For Eavesdropping**

30. On the evening of October 11, 2011, Plaintiff and three of his friends were walking on the sidewalk of Barrington Road, on their way to Plaintiff's grandmother's house.

31. At the same time, Defendant Hanover Park police officer DIAZ was on duty, in uniform, and driving a marked Hanover Park Police car.

32. Defendant DIAZ pulled up in his squad car near 7310 Barrington Road and ordered Plaintiff and his friends to stop.

33. Believing that Officer DIAZ had stopped them without justification, and fearing police misconduct, Plaintiff activated his mobile phone video camera in an attempt to record what he believed to be Officer DIAZ's unlawful conduct.

34. Defendant DIAZ noticed Plaintiff's mobile phone video camera and asked Plaintiff it was recording him.

35. Officer DIAZ charged toward Plaintiff, forced one of Plaintiff's arms behind his back, and threw him to the ground, causing him to strike his face on the pavement.

36. Defendant DIAZ arrested Plaintiff pursuant to Illinois Eavesdropping statute.

37. Defendant DIAZ then took out his can of pepper spray, and  threatened to spray Plaintiff. He then struck Plaintiff in the head and abdomen while Plaintiff was on the ground.

38. Defendant DIAZ handcuffed Plaintiff, searched him, and then took him to the Hanover Park police station in the back of a squad car.

39. Plaintiff was held in police custody for several hours, before being released on bond.

40. Once he was released, Plaintiff went to the emergency room at St. Alexius Medical Center.

41. At the hospital, Plaintiff was diagnosed with and treated for musculoskeletal pain, head and elbow injuries, and post-concussive syndrome. Defendant DIAZ caused Plaintiff's injuries.

**Plaintiff's Criminal Prosecution**

42. Defendant DIAZ charged Plaintiff with three misdemeanor criminal offenses: attempt eavesdropping, resisting a peace officer and obstructing a peace officer.

43. Defendant DIAZ completed false police reports concerning his arrest of Plaintiff.

44. Plaintiff had to hire a criminal defense attorney to defend him against the false misdemeanor charges Defendant DIAZ placed against him.

45. During the pendency of the criminal case, Plaintiff's criminal defense attorney repeatedly requested that the Cook County state's attorney dismiss the attempt eavesdropping charge on account of it being unconstitutional.

46. Even though two separate Illinois Circuit court judges had found Illinois Eavesdropping statute unconstitutional, and even after the Seventh Circuit's May 8th, 2012 ruling that the Illinois Eavesdropping statute was "likely unconstitutional" as applied to the audio recording of on-duty police officers, Defendant ALVAREZ continued to prosecute Plaintiff pursuant to the Eavesdropping statute for his audio recording of Defendant DIAZ.

47. On August 17, 2012, the attempt eavesdropping and obstruction charges were dismissed by Cook County Circuit Court Judge John D. Tourtelot, who also found the Illinois Eavesdropping Act unconstitutional.

48. Subsequently, Plaintiff proceeded to a bench trial on the resisting charge and was acquitted.

**Necessity for Injunctive Relief**

49. Plaintiff desires to both audio and video record his encounters with on-duty police officers performing their official duties in public places, but is afraid to do so because of the threat of arrest and prosecution under the Illinois Eavesdropping statute.

50. Specifically, Plaintiff desires to record his encounters with police officers, to protect himself from unlawful arrests or other unconstitutional conduct against him by police officers.

51. Plaintiff seeks to make these recordings of his encounters with the police to gather and
    disseminate information about police misconduct, to create evidence he may use to defend
    himself against false criminal charges and/or to petition the government for redress of
    grievances, which arise from police misconduct. Plaintiff seeks to deter and detect unlawful
    police interference with his constitutional liberties.

52. Given Plaintiff's prior experience as detailed above, and the various criminal eavesdropping
    prosecutions which have and continue to proceed in Illinois, Plaintiff has a reasonable fear that
    if he attempts to record his encounters with police he will again be arrested and prosecuted for
    violation of the Illinois Eavesdropping Act.

53. Plaintiff's freedom of speech is thus chilled and deterred by the Act and by Defendants from
    undertaking the recording of his encounters with police.

54. Unless enjoined by this Court, Defendants will continue to arrest and prosecute, pursuant to the
    Act, people who audio record police officers performing their public duties in public places.

55. Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of the denial of the
    opportunity to record his encounters with police.

56. Plaintiff has no adequate remedy at law other than to bring this lawsuit.

### COUNT I
(42 U.S.C. § 1983 – First Amendment Claim)

57. Each of the preceding paragraphs is incorporated as if fully restated here.

58. This Act violates the First Amendment to the United States Constitution, as applied to the audio
    recording of police officers, without the consent of the officers, when (a) the officers are
    performing their public duties, (b) the officers are in public places, (c) the officers are speaking at
    volume audible to the unassisted human ear, and (d) the manner of recording is otherwise
    lawful.

59. Among other reasons, this application of the Act is unlawful because:

(a) The Free Speech Clause of the First Amendment protects the right to gather, receive, or record the information at issue in this Complaint.

(b) The Free Speech Clause and the Petition Clause of the First Amendment protect the right to gather, receive, or record the information at issue in this Complaint for purposes of using that information to petition the government for redress of grievances.

(c) The Free Speech Clause and the Free Press Clause of the First Amendment protect the right to gather, receive, or record the information at issue herein for purposes of disseminating and publishing that information to other people.

60. The Illinois Eavesdropping Act exempts audio/video recordings made by police of conversations between police and civilians during traffic stops, in order to protect both the civilians and the officers from false testimony about these conversations. There is no constitutionally valid basis for allowing police to make such audio recordings, while criminalizing the conduct of civilians who do so.

**WHEREFORE**, Plaintiff respectfully requests a declaratory judgment holding that the Act violates the First Amendment, as applied to the audio recording of police officers, without the consent of the officers, when (a) the officers are performing their public duties, (b) the officers are in public places, (c) the officers are speaking at a volume audible to the unassisted human ear, and (d) the manner of recording is otherwise lawful. Plaintiff also requests the entry of a preliminary injunction, and then a permanent statewide injunction, enjoining the prosecution of Plaintiff, or any other person, under the Act for audio recording police officers, without the consent of the officers in the limited circumstances as described above. Plaintiff further respectfully requests that this Court award his reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and such other further relief as this Court may deem just and proper.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

61. Each of the preceding paragraphs is incorporated as if fully restated here.

62. As described above, the intentional conduct of Defendant DIAZ toward Plaintiff was objectively unreasonable under the circumstances, and constituted excessive force under the Fourth Amendment to the United States Constitution.

63. As a direct and proximate result of this excessive force, Plaintiff suffered damages, including physical and emotional damages, which will be proven at trial.

   **WHEREFORE**, Plaintiff prays for judgment against Defendant DIAZ in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III
### (Illinois Malicious Prosecution Claim)

64. Each of the preceding paragraphs is incorporated as if fully restated here.

65. As more fully described above, Defendant DIAZ willfully and wantonly initiated criminal proceedings against Plaintiff and/or caused those proceedings to continue against him, without probable cause to believe he had committed each offense charged.

66. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant DIAZ created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor.

67. All the criminal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

68. As a direct and proximate result of Defendant DIAZ's malicious prosecution, Plaintiff suffered financial and emotional damages as described in the preceding paragraphs, which will be proven at trial.

69. Illinois law provides that public entities, such as Defendant VILLAGE, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his employment.

70. At all relevant times, Defendant DIAZ was acting as an agent of Defendant VILLAGE, and was acting within the scope of his employment as a Hanover Park police officer. Defendant VILLAGE, therefore, is liable as principal for the torts committed against Plaintiff by Defendant DIAZ.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers and Defendant VILLAGE in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

KRISTOFER DUMELLE, Plaintiff

Respectfully Submitted,

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
312.726.3157 (fax)
tlh@thehamiltonlawoffice.com
Attornetoy No. 6229397

13