**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KRISTOFER DUMELLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  13-CV-1575 |
| vs. | ) | |
| | ) | Hon. Amy J. St. Eve |
| | ) | |
| VILLAGE OF HANOVER PARK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ATTORNEY GENERAL LISA MADIGAN'S MEMORANDUM IN
SUPPORT OF HER MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff DuMelle's claim against Attorney General Madigan does not satisfy Article III's "case or controversy" requirement and is separately barred by the Eleventh Amendment.  In his sole claim against the Attorney General, plaintiff requests declaratory and injunctive relief, alleging that Illinois' Eavesdropping Act violates the First Amendment insofar as it bars him from audio-recording police officers.  This claim should be dismissed because there is no credible threat that the Attorney General will enforce the Act against plaintiff.  The Attorney General has no legal authority to initiate a prosecution under the Act, has never prosecuted anybody under the Act, and now **represents that she will not prosecute or assist in any prosecution of plaintiff under the Act**, because any such prosecution would run afoul of the First Amendment.  At least four state-court judges have declared the Act unconstitutional, and in *ACLU v. Alvarez*, Judge Johnson Coleman also declared the Act unconstitutional and entered a permanent injunction against its enforcement.

1

**FACTUAL BACKGROUND**

Illinois' Eavesdropping Act, 720 ILCS 5/14 *et seq.*, has already been successfully challenged in both state and federal court, including by plaintiff himself.  In 2012, the Cook County State's Attorney attempted to prosecute plaintiff pursuant to the Act for recording a Hanover Park police officer, but Judge Tourtelot of the Circuit Court of Cook County dismissed the eavesdropping charge and "also found the Illinois Eavesdropping Act unconstitutional."  (Dkt. No. 1 at ¶ 47)

In addition, at least three other state-court judges have declared the Act unconstitutional:  Judge Franklin in *People v. Allison*, No. 09-CF-50 (Crawford County) (*id.* at ¶ 19), Judge Sacks in *People v. Drew*, No. 10-CR-4601 (Cook County) (*id.* at ¶ 22), and Judge Goebel in *People v. Melongo*, No. 10-CR-8092 (Cook County).  The three state-court decisions are attached as Exhibits A, B, and C.  To Attorney General Madigan's knowledge, every Illinois court to decide the issue has found the Act unconstitutional, and no appeals are pending.

Most recently, a court in the Northern District has also held that the Act's ban on recording police officers is unconstitutional.  In 2011, Judge Conlon dismissed a claim challenging the Act brought by the ACLU against the Cook County State's Attorney.  *ACLU v. Alvarez*, 2011 WL 66030, at *4 (N.D. Ill. Jan. 10, 2011).  But on appeal, the Seventh Circuit reversed, finding that the ACLU's challenge had a "strong likelihood of success on the merits."  *ACLU v. Alvarez*, 679 F.3d 583, 608 (7th Cir. 2012).  The United States Supreme Court denied certiorari.  133 S. Ct. 651 (2012).

On December 18, 2012, on remand, and without opposition from the Cook County State's Attorney, Judge Johnson Coleman declared the Act unconstitutional as applied to the ACLU's proposed program of audio-recording. She entered a permanent injunction preventing the Cook County State's Attorney from enforcing the Act's ban on audio-recording against the ACLU, its agents, and its employees, and awarded the ACLU more than $645,000 in attorneys' fees and costs. Judge Johnson Coleman's opinion is attached as Exhibit D.

The present lawsuit is the second of two "copycat" lawsuits mimicking *ACLU v. Alvarez* that plaintiff's counsel has filed in the Northern District. In March 2011, plaintiff's counsel filed *Frobe v. Village of Lindenhurst*, which challenges the constitutionality of the Act and names Attorney General Madigan as one of the defendants. The Attorney General moved to dismiss on Eleventh Amendment grounds, because the plaintiff had not alleged a credible threat of enforcement by her. (No. 11-CV-1722, Dkt. Nos. 29, 42) The Attorney General emphasized that she has no authority to initiate a prosecution under the Act.

In addition, on December 9, 2011, counsel for Attorney General Madigan represented that the Attorney General would not prosecute or assist in any prosecution of the plaintiff (Louis Frobe) under the Act. Shortly after the Seventh Circuit's ruling in *ACLU v. Alvarez* came down, the Attorney General reiterated that she would not prosecute or assist in any prosecution of Frobe under the Act (Dkt. No. 58), withdrew her argument supporting the Act (Dkt. No. 68), and filed a motion to dismiss the case as moot (Dkt. Nos. 72, 106). Both motions to dismiss are fully-briefed and pending before Judge Pallmeyer.

3

With those motions to dismiss still pending, plaintiff's counsel filed this lawsuit. The sole claim against Attorney General Madigan (Count I) is a Section 1983 claim alleging that the Act's ban on audio-recording police officers violates the First Amendment. (Dkt. No. 1 at 57-60) Plaintiff requests declaratory and injunctive relief and fees. (*Id.* at p. 11) Only two allegations relate to Attorney General Madigan. First, plaintiff says that the Attorney General is "a duly elected public official of the State of Illinois, and the chief legal officer for the State of Illinois." (*Id.* at ¶ 9) Second, plaintiff acknowledges that the Attorney General withdrew her appeal in another case challenging the constitutionality of the Act. (*Id.* at ¶ 24)[1]

As before, Attorney General Madigan represents that she will not prosecute or assist in any prosecution of plaintiff DuMelle under the Act, because any such prosecution would violate the First Amendment. Prior to filing this motion to dismiss, counsel for Attorney General Madigan informed DuMelle's counsel of this representation, but DuMelle's counsel nevertheless refused to drop the claim against the Attorney General.

## **ARGUMENT**

Plaintiff's claim against Attorney General Madigan should be dismissed (1) for lack of jurisdiction, because there is no "case or controversy," as required by Article III of the U.S. Constitution, and the claim is moot; and (2) for failure to state a claim, because the claim against her is barred by the Eleventh Amendment, since there is no credible threat of enforcement.

---

[1] The Attorney General intervened in *People v. Allison*. The court declared the Act unconstitutional, and the Attorney General filed a notice of appeal. But the Attorney General voluntarily dismissed her appeal less than three weeks after the Circuit Court of Cook County also declared the act unconstitutional in *People v. Drew.*

I.   **PLAINTIFF'S CLAIM AGAINST ATTORNEY GENERAL MADIGAN DOES NOT SATISFY ARTICLE III'S "CASE OR CONTROVERSY" REQUIREMENT AND IS MOOT.**

Article III of the United States Constitution limits federal jurisdiction to "cases or controversies," and here, given Attorney General Madigan's representation that she will not prosecute or assist in any prosecution of DuMelle, there is no live controversy between plaintiff and the Attorney General.  This case is moot.  Mootness is a threshold jurisdictional question that "insures that the court is faithful to the case or controversy limitation in Article III of the Constitution."  *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008).  "It is fundamental to the exercise of judicial power under Article III of the United States Constitution that federal courts may not give opinions upon moot questions or abstract propositions."  *Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008).  Thus, cases that do not involve "actual, ongoing" controversies are moot and must be dismissed for lack of subject matter jurisdiction.  *Fed'n of Advertising Indus. Reps., Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003).

Binding precedent establishes that there is no Article III "case or controversy" where, as here, the defendant agrees not to enforce the challenged statute based on legitimate concerns about its constitutionality.  In *Poe v. Ullman*, the United States Supreme Court noted that "[i]f the prosecutor expressly agrees not to prosecute, a suit against him for declaratory and injunctive relief is not such an adversary case as will be reviewed here."  367 U.S. 497, 507 (1961) (dismissing appeal for lack of jurisdiction"; state's historic refusal to enforce a statute banning the use of contraceptive devices constituted a "tacit" agreement not to prosecute).

Multiple Seventh Circuit cases confirm that plaintiff's claim against Attorney General Madigan is moot and should be dismissed. First, in *Ragsdale v. Turnock*, the Seventh Circuit held that the plaintiffs' challenge to an abortion regulation was mooted by "the State's [previously] non-publicized policy of non-enforcement." 841 F.2d 1358, 1365-66 (7th Cir. 1988). Second, in *Wisconsin Right to Life, Inc. v. Schober*, the Seventh Circuit held that a challenge to a Wisconsin campaign finance law was moot because the State's Board of Elections "issued a letter clearly indicating that it would not enforce the statute against [the plaintiff] because it considered the statute to be unconstitutional." 366 F.3d 485, 491 (7th Cir. 2004).[2] Third, in *ACLU v. Alvarez*, the Seventh Circuit permitted the ACLU's lawsuit challenging to the Act to go forward only after pointing out that the state's attorney had not "foresworn the possibility of prosecuting the ACLU" for recording police officers. 679 F.2d at 592-93; *see also 520 S. Mich. Ave. Assoc., Ltd. v. Devine*, 433 F.3d 961, 963-64 (7th Cir. 2006) ("If defendants…represented that they would not prosecute the Hotel under the Strikebreakers Act, then there would indeed be no live controversy, because there would not be a 'credible threat of prosecution.' State officials made exactly that promise in *Wisconsin Right to Life*, and we held that it demonstrated the absence of any real dispute.").

In sum, plaintiff's claim against Attorney General Madigan is moot and should be dismissed. The rule in the Seventh Circuit could not be clearer: a case is moot "when a state agency acknowledges that it will not enforce a statute because it is plainly

---

[2] The Court found the Board's assertion "extremely credible" even though it was made in litigation, after the Board had initially refused to issue an advisory opinion on whether it would enforce the statute. *Id.* at 492. When the defendants are government officials, the courts "place greater stock in their acts of self-correction, so long as they appear genuine." *Id.*; *citing Fed'n of Advertising Indus. Reps., Inc.*, 326 F.3d at 929; *see also Neblock Trucking, Inc. v. Scott*, 725 F. Supp. 2d 728, 732-33 (N.D. Ill. 2010).

unconstitutional, *in spite of the failure of the legislature to remove the statute from the books*." *Wisconsin Right to Life*, 366 F.3d at 492 (emphasis added).[3]  No matter how strong plaintiff's argument on the merits may be, this Court cannot issue the relief he requests.  The Declaratory Judgment Act "does not confer jurisdiction but, rather, provides an additional remedy where jurisdiction already exists." *Holasek v. U.S. Dept. of Justice*, 123 F. Supp. 2d 1126, 1129-30 (N.D. Ill. 2000); *see also Poe*, 367 U.S. at 506 (noting that "the declaratory judgment device does not purport to alter the character of the controversies which are the subject of the judicial power under the Constitution"); *Magnuson v. City of Hickory Hills*, 933 F.2d 562, 565 (7th Cir. 1991) ("The requirement that a justiciable controversy exists applies both to actions requesting a declaratory judgment and those seeking equitable relief.").

## II.  PLAINTIFF'S CLAIM AGAINST ATTORNEY GENERAL MADIGAN IS BARRED BY THE ELEVENTH AMENDMENT BECAUSE THERE IS NO CREDIBLE THREAT OF ENFORECEMENT BY HER.

Plaintiff's claim against Attorney General Madigan also fails on Eleventh Amendment grounds.  Plaintiff is suing Attorney General Madigan only in her official capacity (Dkt. No. 1 at ¶ 9), and the Eleventh Amendment bars claims against state officials acting in their official capacities. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984).  In *Ex Parte Young*, the United States Supreme Court recognized an exception for suits seeking to enjoin state officers from enforcing allegedly unconstitutional acts.  209 U.S. 123, 155-57 (1908).  But under that exception, the state officer must (1) have "some connection" to the enforcement of the act and (2) "threaten" to enforce the act. *Id.*

---

[3]  SB 1575, which is currently pending, would amend the Act to permit the audio-recording of police officers performing a public duty in a public place if the conversation is audible to the unassisted human ear.  The bill is attached as Exhibit E.

Here, plaintiff cannot satisfy the *Ex Parte Young* exception's second requirement.[4] Plaintiff does not allege that Attorney General Madigan has threatened to prosecute him, nor does he identify a single instance in which the Attorney General has prosecuted anybody under the Act. He only alleges that the Attorney General is "the chief legal officer of the State of Illinois," and that she withdrew her appeal in another lawsuit challenging the Act, which, of course, is evidence the Attorney General Madigan will *not* prosecute plaintiff. Plaintiff's complaint completely lacks any substantive allegations relating to the Attorney General, and therefore falls far short of establishing a credible threat of enforcement by her.

Amendment would be futile. As plaintiff's counsel knows from the *Frobe v. Village of Lindenhurst* case, the Attorney General has no legal authority to initiate a prosecution under the Act. The Attorney General "cannot direct the prosecution activities of the 102 States' Attorneys," and "lacks the power to take exclusive charge of the prosecution of those cases over which the State's Attorney shares authority." *520 S. Mich. Ave. Assoc.,* 433 F.3d at 964; *People v. Buffalo Confectionary Co.*, 401 N.E.2d 546, 549 (Ill. 1980). Because the Act does not give enforcement authority to the Attorney General, at most she can "assist" the State's Attorneys in their prosecutions under the Act. *Id.* at 549; *see also* 15 ILCS 205/4. Attorney General Madigan has already represented that she will not do this, and as noted above, the Cook County State's Attorney is permanently enjoined from enforcing the Act.

---

[4] For purposes of this motion only, Madigan assumes that her general authority to enforce Illinois law satisfies the *Ex Parte Young* exception's first ("some connection") requirement. *See Entertainment Software Ass'n v. Blagojevich*, 469 F.3d 641, 644-45 (7th Cir. 2006). The "threat of enforcement" requirement is separate and independent. *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996).

Under these circumstances, plaintiff's claim against Attorney General Madigan is barred by the Eleventh Amendment. In *Ex Parte Young*, the Supreme Court explained that state officers "clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings…may be enjoined" by federal courts. 209 U.S. at 149, 155-56; *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 375, 382 (1992) ("*Ex Parte Young* thus speaks of enjoining state officers '*who threaten and are about to commence proceedings*'…..) (emphasis in original). *Ex Parte Young's* "threat to enforce" requirement has been applied by courts across the country. *Okpalobi v. Foster*, 244 F.3d 405, 415 (5th Cir. 2001) ("The requirement that there be some action or threatened enforcement action before *Young* applies has been repeatedly applied by the federal courts.").[5] In *Children's Healthcare Is A Legal Duty, Inc. v. Deters*, the Sixth Circuit held that the lower court committed reversible error in permitting claims against the Ohio Attorney General to go forward absent a threat of enforcement on his part: "[T]he phrase 'some connection with the enforcement of the act' does not diminish the requirement that the official threaten and be about to commence proceedings." 92 F.3d at 1416.

---

[5] *See, e.g.*, *McBurney v. Cuccinelli, II*, 616 F.3d 393, 402 (4th Cir. 2010) ("[W]e cannot apply *Ex Parte Young* because the Attorney General has not acted or threatened to act."); *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007) (noting that the *Ex Parte Young* exception requires "a demonstrated willingness" to enforce the statute in question); *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113-15 (3d Cir. 1993) (reversing lower court's refusal to dismiss claims against Attorney General when "he did not threaten to enforce" the challenged statute); *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992) ("Absent a real likelihood that the state official will employ his supervisory powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction."); *Starr v. County of El Paso, Texas*, 2010 WL 3122797, at *5 (W.D. Tex. Aug. 5, 2010) (dismissing First Amendment claims against Texas Attorney General; "even if [the Attorney General] were able to enforce the challenged statute, he has not shown an interest in doing so"); *Siesta Vill. Market, LLC v. Perry*, 530 F. Supp. 2d 848, 857 (N.D. Tex. 2008) ("Without proof of [Texas Attorney] General Abbott's willingness to enforce the Code provisions at issue, the Siesta Village plaintiffs cannot rely on *Young* to overcome his Eleventh Amendment immunity.").

Courts in the Northern District have dismissed claims on Eleventh Amendment grounds where, as here, there is no threat of enforcement by the defendant. In *CSWS, LLC v. Madigan*, the Court held that the Eleventh Amendment barred claims against Attorney General Madigan challenging the constitutionality of an adult entertainment zoning ordinance that she had "no present plans" to enforce against the plaintiff. 2009 WL 1789368, at *2-3 (N.D. Ill. Jun. 24, 2009) ("The lack of any recognizable threat of prosecution by Madigan against CSWS, however, presents a serious Eleventh Amendment problem for CSWS under the *Ex Parte Young* exception to Eleventh Amendment immunity in terms of Madigan being named as a defendant."). Likewise, in *Palmetto Properties Inc. v. County of DuPage*, the Court held that a claim against the DuPage County State's Attorney, challenging the constitutionality of an Illinois statute on First Amendment grounds, was barred because "no prosecution has been threatened or pending." 160 F. Supp. 2d 876, 880 (N.D. Ill. 2001) ("Although the plaintiffs argue that it is enough that Birkett is charged with enforcement, they have pointed to no case—in the context of the First Amendment or otherwise—where this has been held sufficient under *Young*.").

## CONCLUSION

Plaintiff's claim against Attorney General Madigan should be dismissed, with prejudice, because there is no "case or controversy," the claim is moot, and the claim is barred by the Eleventh Amendment. Plaintiff challenges a statute that has already been declared unconstitutional, and names Attorney General Madigan as a defendant even though she cannot and will not enforce the statute against him.

Dated:  March 22, 2013

LISA MADIGAN
Attorney General of Illinois

Respectfully submitted,

*/s/ Michael T. Dierkes*

Michael T. Dierkes
Office of the Illinois Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, Illinois  60601
(312) 814-3000

Counsel for Attorney General Madigan